Argued January 23, affirmed February 7, reconsideration denied
March 15, petition for review denied May 31, 1978

HOUSEN, *Appellant,*

*v.*

MORSE BROS., INC. et al, *Respondents.*

(No. 42750, CA 8043)

574 P2d 361

Thomas A. Caruso, Portland, argued the cause for appellant. With him on the briefs was Bailey, Doblie, Bruun & Green, Portland.

Asa L. Lewelling, Salem, argued the cause and filed the brief for respondent Morse Bros., Inc.

Edward H. Warren, Portland, argued the cause for respondent Oregon State Highway Commission. With him on the brief were Bruce L. Mowery, and Hershiser, Mitchell & Warren, Portland.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

PER CURIAM.

## PER CURIAM.

This is an appeal from a summary judgment in favor of defendants. The sole issue in this case is: In an action against a public body for wrongful death brought under the Tort Claims Act, ORS 30.260 to 30.300, must the action be commenced within two years after the date of the accident or occurrence resulting in the death, pursuant to ORS 30.275(3),[1] or may it be commenced within three years after the date of the occurrence, pursuant to ORS 30.020(1)?[2]

The Tort Claims Act is complete in itself. It creates a right where none previously existed and sets forth the conditions under which that right may be exercised. ORS 30.275 is unambiguous. It provides that no action shall be maintained under the Tort Claims Act unless it is commenced within two years after the occurrence giving rise to the right.

Affirmed.

---

[1] "No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity." ORS 30.275(3).

[2] "When the death of a person is caused by the wrongful death or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent." ORS 30.020(1).